(34 Misc. Rep. 649.)

## CAPONIGRI v. COOPER.

(Supreme Court, Special Term, New York County.    April, 1901.)

ACTION AGAINST SURETY—DEFENSES—LIABILITY INCURRED.

A complaint in an action on a bond alleged that the surety bound himself to pay any judgment plaintiff might recover against the principal, and that such judgment had been recovered, and was in part satisfied. The surety set up a separate defense that the judgment was recovered by default, and opened on condition that the principal give a bond to secure any judgment thereafter recovered; that the undertaking set up in the complaint was given to secure it, and not the judgment set up in the complaint; and that, after trial, the principal recovered in the action a judgment against the plaintiff, which had been affirmed. There was no express denial that the judgment set up in the complaint was not the final judgment. *Held*, that such separate defense was not demurrable, and that the surety could show under it that the undertaking did not cover the alleged final judgment set forth in the complaint.

Action by Pasquale Caponigri against Henry G. Cooper. Plaintiff demurred to separate defenses. First cause of action set forth in the complaint overruled.

C. W. Dayton, for plaintiff.

James C. De La Mare, for defendant.

LAWRENCE, J.   This is a demurrer to the separate defense to the first cause of action set forth in the complaint, contained in the paragraphs of the answer numbered 4 to 8, inclusive.   The complaint alleges that the defendant, together with Pasquale and Pietro Altieri and one other, executed their undertaking, whereby they jointly and severally bound themselves in the sum of $2,100, conditioned that, if the said Altieris should pay to the plaintiff the full amount of any judgment which should be finally recovered against them in a certain action then pending in the city court of New York between the plaintiff and the said Altieris, the undertaking should be void; that on January 18, 1901, final judgment was entered in said action in the office of the clerk of said court in favor of the plaintiff and against the said Altieris for the sum of $2,282.75; that a transcript of said judgment was filed, and said judgment was docketed in the office of the clerk of the county of New York, where the said Altieris resided; the execution was issued, and returned wholly unsatisfied; and that no part of said judgment has been paid except the sum of $226.22.   The answer sets forth that the plaintiff had recovered judgment by default in said action, and that thereafter, on motion, an order was entered opening the defendants' default, upon condition that they should pay certain costs and give an undertaking to secure any judgment which might be recovered in said action; that the defendants complied with the terms of said order, and gave

the undertaking referred to in the complaint. The answer further alleges that thereafter said action was tried, and judgment rendered in favor of the defendants, which judgment was affirmed by the general term of the city court and by the appellate term of the supreme court; that the judgment mentioned in the complaint was not the judgment referred to in said order and said undertaking, and intended thereby; and that said undertaking was not given to secure the payment of said judgment. A copy of the undertaking is annexed to the answer. The undertaking contains this condition:

"The condition of this obligation is such that, if the above-bounden Pasquale and Pietro Altieri shall well and truly pay to the above-bounden Pasquale Caponigri, his heirs, executors, administrators, and assigns, the just and full amount of any judgment which may be finally recovered against the said Pasquale and Pietro Altieri in favor of the said Pasquale Caponigri in a certain action now pending in the city court of New York, and known and designated as 'Action No. 1,' wherein said Pasquale Caponigri is plaintiff and said Pasquale and Pietro Altieri are defendants, and wherein said plaintiff seeks to recover judgment against the defendants for the sum of $1,001.25, with interest thereon from the 28th day of December, 1893, besides the costs and disbursements of said action, then this obligation shall be void."

It is contended on the part of the plaintiff that the allegation contained in paragraph 8 of the answer, that the judgment mentioned in the complaint is not the judgment referred to in the undertaking, and that said undertaking was not given to secure said judgment, is a legal conclusion, and that no facts are set up in said paragraph from which the plaintiff could take issue, and the defendant, by not denying the allegation of the complaint, admits that the judgment mentioned in the complaint was the final judgment in the action; that, therefore, it follows that the allegation in paragraph 8 created no issue, and that it must be sustained on the allegations contained in the preceding paragraphs; that the language of the undertaking is plain and simple and unambiguous; and that, as it is alleged that the defendant bound himself to pay the amount of any judgment which should be finally recovered, and that on a certain day final judgment was entered in said action in favor of the plaintiff, it follows that the exact condition provided for in the undertaking has taken place. The plaintiff also contends that the allegations contained in the paragraphs of the answers 4 and 5 are wholly immaterial, for the reason that it is not denied that the judgment in the complaint was a final judgment in the action. It is contended on the part of the defendant that the answer raises an issue of fact, which can only be determined upon the trial, namely, whether the judgment set forth in the complaint was the judgment in action No. 1, referred to in the order opening the default, and the undertaking intended thereby, and whether an undertaking was given to secure the payment of that judgment; that there is nothing in the complaint showing any connection between the judgment set forth, recovered in 1901, and the judgment referred to in the order opening the default in the undertaking. The defendant also contends that whether it is or not such a judgment depends upon the construction of the undertaking, viewed in the light of all the surrounding circumstances, the pre-existing relations between the parties, and the knowl-

edge which he had of those facts as to which evidence may be received on the trial. I am of the opinion, in view of the facts stated in the answer, and in view also of the fact that there is no allegation in the complaint which shows a reversal of the judgment in the city court and of the appellate term of the supreme court in favor of the defendant, that enough is stated in the answer to put the plaintiff upon his proof, and that the defendant will be entitled to show upon the pleadings as they stand that the undertaking was not intended to cover the alleged final judgment set forth in the complaint. The statement in the complaint that the judgment is the final judgment is just as much a legal conclusion as the statement in the answer that it is not the final judgment referred to in the undertaking. I think that the defendant is, therefore, entitled to an interlocutory judgment overruling the demurrer, with costs.

Demurrer overruled, with costs.